

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00351-CV

**IN THE INTEREST OF L.L.M.** and E.M., Children

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-PA-01921
Honorable Richard Garcia, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 6, 2013

AFFIRMED

Appellant O.M., father of L.L.M. and E.M., minor children, appeals the trial court's order terminating his parental rights to L.L.M. and E.M.  On appeal, O.M. challenges the sufficiency of the evidence to support the termination of his rights and the appointment of the Texas Department of Family and Protective Services as L.L.M. and E.M.'s sole managing conservator.  Because the evidence was sufficient to support the trial court's finding of a predicate ground for terminating O.M.'s parental rights, and that the termination was in L.L.M.'s and E.M.'s best interests, we affirm the trial court's order.

### BACKGROUND

L.L.M. was born September 19, 2007, and E.M. was born January 31, 2009.  On April 4, 2012, the Texas Department of Family and Protective Services filed its Original Petition for

Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship regarding L.L.M. and E.M. based on the mother's neglectful supervision. The children were placed with their paternal aunt, a caregiver with whom the children were placed on and off their entire lives. O.M. was incarcerated in 2008 for possession of a controlled substance and his sentence will expire in 2020. O.M.'s parentage was confirmed by genetic testing on July 23, 2012.

A bench trial was held on April 18, 2013. At the close of testimony and argument, the trial court took the matter under advisement. The trial court subsequently terminated O.M.'s parental rights based on findings that O.M. (1) constructively abandoned L.L.M. and E.M., (2) "failed to comply with the provisions of a court order that specifically established the actions necessary for [O.M.] to obtain the return of the [children], and (3) "knowingly engaged in criminal conduct that has resulted in [O.M.'s] conviction of an offense [and] confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition." *See* TEX. FAM. CODE ANN. § 161.001(1)(N), (O), (Q) (West Supp. 2013). The trial court also found parental termination would be in L.L.M.'s and E.M.'s best interests. *See id.* § 161.001(2). After his parental rights were terminated, O.M. perfected this appeal.

## STANDARD OF REVIEW

Parental rights may be terminated only upon clear and convincing evidence the parent has committed an act prohibited by section 161.001(1) of the Texas Family Code, and that termination is in the best interest of the child. *See id.*; *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 358 (Tex. 2003). "Clear and convincing evidence is 'proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *In re J.O.A.*, 283 S.W.3d at 344 (quoting TEX. FAM. CODE ANN. § 101.007 (West 2008)).

In evaluating the evidence for legal sufficiency in parental termination cases, we examine "'all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'" *Id.* (quoting *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002)). We must also "disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *In re J.F.C.*, 96 S.W.3d at 266.

When the evidence is challenged for factual sufficiency, we also review the disputed or conflicting evidence. *In re J.O.A.*, 283 S.W.3d at 345; *In re J.F.C.*, 96 S.W.3d at 266. We afford due deference to the fact-finder's findings and will not supplant the reasonable fact-finder's judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam). "'If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.'" *In re J.O.A.*, 283 S.W.3d at 345 (quoting *In re J.F.C.*, 96 S.W.3d at 266).

## CONSTRUCTIVE ABANDONMENT

We first turn to the trial court's finding that O.M. constructively abandoned L.L.M. and E.M. O.M. argues the Department failed to make reasonable efforts to return the children to him or his family. A family service plan is designed to reunify a parent with a child who has been removed by the Department. *Liu v. Dep't of Family & Protective Servs.*, 273 S.W.3d 785, 795 (Tex. App.—Houston [1st Dist.] 2008, no pet.). The State's preparation and administration of a service plan for the parent constitutes evidence that the State made reasonable efforts to return the child to the parent. *See, e.g.*, *In re K.M.B.*, 91 S.W.3d 18, 25 (Tex. App.—Fort Worth 2002, no pet.).

Section 161.001(1)(N) requires the State to prove that O.M.

constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months, and:

(i)     the department or authorized agency has made reasonable efforts to return the child to the parent;

(ii)    the parent has not regularly visited or maintained significant contact with the child; and

(iii)   the parent has demonstrated an inability to provide the child with a safe environment.

*See* TEX. FAM. CODE ANN. § 161.001(1)(N).

O.M. has not had regular contact with either L.L.M. or E.M.  On April 18, 2012, the trial court ordered O.M. to complete a child placement resource form and attend a variety of classes including counseling, parenting classes, and drug and alcohol assessment and testing.  Although he testified that he never received a copy of a service plan, he communicated with the Department caseworkers regarding the classes he participated in at his prison facility.

The court's order also required O.M. to comply with the service plan.  O.M. acknowledges receipt of two letters from the caseworker, but was adamant that neither included a copy of the service plan.  The caseworker testified that she had not personally sent the service plan, but the records reflected the previous caseworker had done so.  On June 12, 2012, the trial court made a finding that O.M. had not completed the required placement form or signed the service plan.  Four months later, and again in February 2013, the court found the Department made reasonable attempts to finalize the permanency plan, but that O.M. had not demonstrated adequate and appropriate compliance with the service plan.

There is no dispute that O.M. was incarcerated throughout the entire proceedings, as well as during E.M.'s entire life and most of L.L.M.'s life.  While incarceration alone is not sufficient to show constructive abandonment, it is a factor the court may consider.  *See In re T.B.D.*, 223

S.W.3d 515, 519 (Tex. App.—Amarillo 2006, no pet.); *In re S.M.L.*, 171 S.W.3d 472, 478–79 (Tex. App.—Houston [14th Dist.] 2005, no pet.). O.M.'s participation in criminal activity, the latest of which sent him to prison for twelve years, is a consideration when determining whether O.M. is unable to provide L.L.M. and E.M. a safe living environment. *See In re T.B.D.*, 223 S.W.3d at 519; *In re S.M.L.*, 171 S.W.3d at 478–79.

Looking at all of the evidence in the light most favorable to the trial court's findings, giving due consideration to evidence that the fact-finder could reasonably have found to be clear and convincing, we conclude that a reasonable trier of fact could have formed a firm belief or conviction that O.M. constructively abandoned L.L.M. and E.M. (1) by failing to regularly visit or maintain significant contact with the children, (2) by demonstrating an inability to provide them with a safe environment, and (3) by failing to complete his service plan. *See* TEX. FAM. CODE ANN. § 161.001(1)(N); *In re H.R.M.*, 209 S.W.3d at 108.

## BEST INTEREST OF THE CHILD

O.M. also challenges the court's finding that terminating his parental rights is in L.L.M's and E.M.'s best interests; he contends that the evidence "does not support" the finding.

We consider several factors "when determining whether termination of parental rights is in the best interest of the child." *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (per curiam). These include the statutory factors in section 263.307 of the Family Code, *id.* (citing TEX. FAM. CODE ANN. § 263.307 (West 2008)), as well as the common law factors described by the supreme court in *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976). These factors include the following:

(A)  the desires of the child;
(B)  the emotional and physical needs of the child now and in the future;
(C)  the emotional and physical danger to the child now and in the future;
(D)  the parental abilities of the individuals seeking custody;
(E)  the programs available to assist these individuals to promote the best interest of the child;
(F)  the plans for the child by these individuals or by the agency seeking custody;

(G)     the stability of the home or proposed placement;
(H)     the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
(I)     any excuse for the acts or omissions of the parent.

*Holley*, 544 S.W.2d at 372 (footnotes omitted). These factors are not exhaustive; they need not all be proved as a condition precedent to termination and "[t]he absence of evidence about some of [the factors] would not preclude a factfinder from reasonably forming a strong conviction or belief that termination is in the child's best interest." *In re C.H.*, 89 S.W.3d 17, 27 (Tex. 2002). In making a determination of the best interest of the child, the court considers direct evidence, circumstantial evidence, subjective factors, and the totality of the evidence. *In re N.R.T.*, 338 S.W.3d 667, 677 (Tex. App.—Amarillo 2011, no pet.) (citing *In re S.H.A.*, 728 S.W.2d 73, 86–87 (Tex. App.—Dallas 1987, writ ref'd n.r.e.)). Furthermore, although a parent's imprisonment is not automatic grounds for termination, it is a factor that courts may consider in determining the child's best interest. *See In re C.L.C.*, 119 S.W.3d 382, 399 (Tex. App.—Tyler 2003, no pet.); *In re C.T.E.*, 95 S.W.3d 462, 466 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Rogers v. Dep't of Family & Protective Servs.*, 175 S.W.3d 370, 378 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd w.o.j.) (considering a father's lengthy prison sentence for injuries to his child as a factor in a best interest analysis).

O.M. has been incarcerated for most of L.L.M.'s life, and all of E.M.'s life. He has no relationship with the children and his scheduled release is not until 2020. *See In re C.H.*, 89 S.W.3d at 27. Moreover, O.M. has not taken any action to care either emotionally or financially for his children. There is also no evidence that he took any steps to ensure they were cared for while he was incarcerated. O.M.'s principal complaint is his desire for his younger brother to care for L.L.M. and E.M. "But [if] that's not possible, and I have no problem with them staying with my cousin or with [the paternal aunt]."

There is also a recognized need to establish stability in the children's lives. Not only has the paternal aunt cared for them since infancy, she has also demonstrated an ability to meet the children's needs and to provide them with a stable home environment. The Department's plan is for the aunt to adopt the children.

Having reviewed the entire record, we conclude the evidence is sufficient for the trial court to form a firm belief or conviction that terminating O.M.'s parental rights was in L.L.M.'s and E.M.'s best interests. *See* TEX. FAM. CODE ANN. § 161.001(2); *In re C.T.E.*, 95 S.W.3d at 466–67.

## CONCLUSION

Because the evidence was legally and factually sufficient to support the trial court's finding of a predicate ground for termination under Texas Family Code section 161.001(1) and that termination is in the best interest of each child under section 161.001(2), we affirm the trial court's order terminating O.M.'s parental rights to L.L.M. and E.M.


Patricia O. Alvarez, Justice